Krista L. White, OSB No. 941575
Bishop, White, Marshall & Weibel, PS
720 Olive Way, Suite 1201
Seattle, WA 98101
(206) 622-5306
kwhite@bwmlegal.com

Marc Rosenberg, WSBA No. 31034
*Admitted Pro Hac Vice*
Lee Smart, P.S., INC.
1800 One Convention Place
701 Pike Street
Seattle, WA  98101-3929
(206) 624-7990
mr@leesmart.com

Attorneys for Defendant David A. Weibel

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| JOHNNIE M. SUMMERS and CAROL A. SUMMERS, as husband and wife,<br><br>    Plaintiffs,<br><br>vs.<br><br>DAVID A. WEIBEL, as Trustee; UNITED RESERVE LLC; and LUW SOOKPAUL,<br><br>    Defendants. | No. 3:11-CV-835-MO<br><br>DEFENDANT DAVID A. WEIBEL'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT |

## I.  INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant David A, Weibel moves to dismiss with prejudice all causes of action alleged against him by plaintiffs Johnnie and Carol Summers ("Summers"), for the following reasons:

DEFENDANT DAVID A. WEIBEL'S
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 1
5349041

1.      Plaintiffs' claim for "defective trustee sale" should be dismissed where they have not met the statutory criteria in ORS 86.742.

2.      Plaintiffs' claim for "breach of contract" should be dismissed as to Mr. Weibel because, under Oregon law, a successor trustee is not a party to the contract.

3.      Plaintiffs' "intentional misrepresentation" claim should be dismissed based on failure to meet the pleading standard set forth in *Twombly* and *Iqbal*.

4.      The apparent claim of "intentional infliction of emotional distress" should be dismissed where Plaintiffs have not stated a claim under the applicable law.

5.      Plaintiffs' action to "Quiet Title" can be resolved by documents attached to the Complaint, which reflect an unbroken series of assignments from Wells Fargo to United Reserve, LLC, and where Plaintiffs do not allege that they paid their obligation on the Deed of Trust ("DOT").

6.      Plaintiffs' claim for an "Injunction" should be dismissed as moot, unnecessary, and where granting a permanent injunction could conflict with the outcome of the quiet title action.

## II.  FACTS

### A.      Certain presumptions under Oregon law that in this matter.

Oregon law presumes that: (1) the ordinary course of business has been followed, (2) an endorsement of a negotiable promissory note was made at the time and place of making the note or bill, and (3) a writing is truly dated. ORS 40.135(m), (o), and (p).  It is also presumed that a trustee or other person whose duty it was to convey real property to a particular person has actually conveyed it to the person, when such presumption is necessary to perfect the title of the person or the person's successor in interest.  ORS 40.135(z).

DEFENDANT DAVID A. WEIBEL'S
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 2
5349041

Summers has attached to the complaint the Deed of Trust and several assignments. (Dkt. No 1), Ex. 1 [DOT]; Ex. 7 [Assignment # 1, dated 05/04/2010]; Ex. 8 [Assignment # 2, dated 5/13/2010]; Ex. 6 [Assignment # 3, dated 5/13/2010]. Oregon law presumes that the dates of assignments are accurate, that the regular course of business was followed in executing these assignments, and that the interest in the property was actually conveyed by the assignments, even if the documents were not immediately recorded.

Once a party invoking a presumption establishes the basic facts giving rise to it, the burden of establishing the nonexistence of the presumed fact shifts to the opposing party. ORS 40.120. To overcome the presumption that the writings accurately reflect the assignments of the Deed of Trust, Plaintiffs have the burden of showing that these presumptions are erroneous.

**B.    Facts alleged in Plaintiffs'Complaint.**

On March 31, 2004, Summers used a property located at 840 NE 5th Ave. Dr., Hillsboro, OR 97124 (the "Property") to secure an equity credit line loan in a maximum amount of $ 51,000.00 for which Wells Fargo Bank, N.A. was named as the beneficiary in a Deed of Trust ("DOT") on the Property. Complaint, (Dkt. No. 1) at ¶¶ 2-3, Ex. 1.

On May 27, 2004, the DOT was recorded in Washington County, OR as document #2004-059937. (Dkt. No. 1), Ex. 1.

On February 26, 2007, David A. Kubat was appointed as the first successor trustee under the DOT. *Id*. at ¶ 9, Ex. 5.

On May 4, 2010, Wells Fargo assigned its interest in the DOT to Eagle Crest, LLC. *Id*., Ex. 7 [Assignment # 1, dated 05/04/2010]. Apparently this assignment did not immediately get recorded during this time period.

DEFENDANT DAVID A. WEIBEL'S
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 3
5349041

On May 13, 2010, Eagle Crest assigned its interest in the DOT to Dove Creek. *Id.*, Ex. 8 [Assignment # 2, dated 5/13/2010]. Apparently this assignment did not immediately get recorded during this time period.

On May 13, 2010, another agreement was executed in which Dove Creek, LLC assigned its interest in the Property under the DOT to United Reserve, LLC. *Id.*, Ex. 6 [Assignment # 3, dated 5/13/2010].

On June 23, 2010, the assignment of the DOT from Dove Creek to United Reserve was recorded in Washington County, OR, document 2010-047384. *Id.*

On November 3, 2010, United Reserve appointed David Weibel as successor trustee and the assignment was recorded the next day in Washington County, OR as document 2010-094645. *Id.* at ¶ 15, Ex. 9.

On January 7, 2011, a Notice of Default ("NOD") was signed, and recorded in Washington County, OR on January 10, 2011 as document 2011-002914. *Id.*, Ex. 10.

On January 11, 2011, a Notice of Sale ("NOS") on the Property. *Id.*, Ex. 11.

On April 5, 2011, the assignment of the DOT from Wells Fargo to Eagle Crest was recorded in Washington County, OR as document 2011-025664. *Id.*, Ex. 11.

On June 9, 2011, the assignment from Eagle Crest to Dove Creek was recorded in Washington County, OR as document 2011-034777. *Id.*, Ex. 12.

On June 28, 2011, the non-judicial foreclosure was rescinded.

Plaintiffs do not allege that they made timely payments on the Note and DOT.

### III.  POINTS AND AUTHORITIES

### A.    Standard for Rule 12(b)(6) motions.

Motions to dismiss for failure to state a claim pursuant to FRCP 12(b)(6) are governed by the standards recently enunciated in *Ashcroft v. Iqbal*, ---U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (May 18,

2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

*Toohey v. Wyndham Worldwide Corp. Health & Welfare Plan*, 673 F. Supp. 2d 1223, 1225 (D. Or. 2009). *See also In re McCoy*, 446 B.R. 453, 456 (Bankr. D. Or. 2011).

> In addition to the allegations of the complaint, the court may also consider documents whose authenticity no party questions which are attached to, or incorporated by reference into, the complaint, as well as matters capable of judicial notice. The court need not accept as true allegations in the complaint that contradict these sources.

*Id*. at 1226 (citations omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level. *See* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004) (hereinafter Wright & Miller) ("the pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

*Twombly*, 550 U.S. at 555-556 (some citations and quotation marks omitted).

In *Twombly*, the Court rejected the "no set of facts" previously used as the standard in 12(b)(6) cases, and adopted instead a plausibility standard. *Id*. at 558-63. It is not enough for a complaint to plead facts that are merely consistent with a defendant's liability.  *Id*. at 557. Rather, a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. at 556. Although a court considering a motion to dismiss accepts the factual allegations in the complaint as true, the court is not required to accept as true a legal conclusion presented as a factual allegation. *Id*. The

need at the pleading stage for allegations plausibly suggesting (not merely consistent with) an element of the claim reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "show[] that the pleader is entitled to relief." *Id.* A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the element necessary to make out a claim. *Id.* at 557. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 557-58.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S.Ct. at 1950.  The court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *In Re Washington Trust Deed Service Corp.*, 224 B.R. 109, 112 (9th Cir. BAP 1998).

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). To satisfy Rule 9(b), a pleading must identify "the who, what, when, where, and how of the misconduct charged," as well as what is false or misleading about the purportedly fraudulent statement, and why it is false. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011)..  *Iqbal's* plausibility requirement applies to claims subject to Rule 9(b). *Id.* Complaints alleging fraud must comply with both Federal Rules of Civil Procedure 8(a) and 9(b). *Id.*  Because Rule 8(a) requires the pleading of a plausible claim, claims of fraud or mistake must, in addition to pleading with particularity, also plead plausible allegations. *Id.*

Because they allege intentional misrepresentation, (Dkt. No. 1 at ¶¶ 44-57), Plaintiffs must meet this high standard, even on a Rule 12(b)(6) motion.

**B.** **Plaintiffs' claim for "defective trustee sale" should be dismissed where they have not met the statutory criteria in ORS 86.742.**

The first cause of action alleged by Summers is "defective trustee sale". (Dkt. No. 1 at 5-10 ¶¶ 18-43). Generally claims such as this are brought after a property has already been sold. This is not such a case. Plaintiffs' sought a temporary restraining order for the non-judicial foreclosure scheduled for June 22, 2011. *Id.* at 1. Mr. Weibel requests this Court to take judicial notice, pursuant to Fed. R. Evid. 201, that the request for an injunction was not opposed, the temporary restraining order was granted, and the sale was cancelled. (Dkt. No. 8-1 at pp. 60-65). Notice of these documents does not convert this motion into one for summary judgment. *See Tellabs, Inc.*, 127 S. Ct. at 2509; *Metzler Inv. GMBH*, 540 F.3d 1049 (9th Cir. 2008) (the facts before the court on a Rule 12(b)(6) motion includes "matters of which a court may take judicial notice"); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

Here, no "trustee sale" has occurred, so no "defective trustee sale" has occurred. The issue here is more properly stated as: "Whether Summers has an actionable claim regarding several alleged technical deficiencies in the NOD and NOS where Summers, as grantor, received sufficient notice of the trustee sale to halt the sale based on these alleged deficiencies."

These claims fail under the holdings in *Stations W., LLC v. Pinnacle Bank of Oregon*, CIV.06-1419-KI, 2007 WL 1219952 (D. Or. 2007). As held in *Stations*:

> … plaintiff's right to bring a civil action for these violations is contained in ORS 86.742. That statute requires plaintiff to meet certain criteria in order to seek relief from the court. Specifically, plaintiff must

not have received actual notice of the sale at least 25 days prior to the sale, and must state that it could and would have cured the default. Plaintiff did not allege either of these criteria.

In addition, because plaintiff is alleging that the notices were defective since they did not describe the amount owing, plaintiff must also plead that it requested the information from the trustee and the information was not provided. *See* ORS 86.742(a).

Finally, plaintiff must plead that it suffered "actual damages as a result of the ... loss of opportunity to cure the default...." ORS 86.742(2)(c). Currently, plaintiff's allegations state only that his damages arise from the acts of [Defendant]; there is no allegation that plaintiff sustained actual damages as a result of any alleged lost opportunity to cure the default.

…

Plaintiff responds that ORS 86.742 is irrelevant to its case. Instead, plaintiff alleges that [Defendant] did not comply with his statutory obligations under ORS 86.735.

*7 **The only way plaintiff can challenge [Defendant's] failure to comply with statutory obligations, including ORS 86.735, in arranging for the nonjudicial foreclosure of the trust deed is by bringing a suit under ORS 86.742. In order to do so, plaintiff must meet the criteria of that statute**; plaintiff must allege it requested information from the trustee as described in ORS 86.759, allege it did not have actual notice of the sale, that it could have and would have cured the default if the defective notice was proper, and allege the actual damages from its lost opportunity to cure the default. Absent these allegations, plaintiff has no claim against [Defendant] for violation of ORS 86.735.

*Stations W., LLC v. Pinnacle Bank of Oregon*, CIV.06-1419-KI, 2007 WL 1219952

at *6-7 (D. Or. 2007) (emphasis added).

Summers has not alleged that they requested information from the trustee as described in ORS 86.759, nor did they allege that they did not have actual notice of the sale, nor did they allege that they could have and would have cured the default if

DEFENDANT DAVID A. WEIBEL'S
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 8
5349041

the defective notice was proper, nor did they allege actual damages from a lost opportunity to cure the default. Here, like *Stations*, Summers has not shown that they have met the criteria of ORS 86.742.  Absent these allegations, Summers does not have a claim against Mr. Weibel for alleged deficiencies in the NOD and NOS.

> **C.    Plaintiffs' claim for "breach of contract" should be dismissed as to Mr. Weibel because, under Oregon law, a successor trustee is not a party to the contract.**

The second cause of action alleged by Summers is for "breach of contract". (Dkt. No. 1 at 10-13 ¶¶ 44-57).  Summers identifies the DOT and Promissory Note as the contract at issue.  *Id*. at ¶46.  Summers does not allege that they made payments on the Promissory Note/Deed of Trust.  In the recent case of *Lettenmaier v. Fed. Home Loan Mortg. Corp*., CV-11-156-HZ, 2011 WL 1938166 (D. Or. 2011), this Court decided that a breach of contract claim will not lie against the trustee to a deed of trust, holding:

> The trustee under a Deed of Trust is not a party to the underlying promissory note or to the Deed of Trust. The promissory note is an agreement between the lender and the borrower. The Deed of Trust is a security instrument securing performance of the note. The trustee is appointed by the parties to act on behalf of both the lender and the borrower. The trustee is not a signatory to the Deed of Trust and neither provides nor is provided with, any consideration.

> Under Oregon law, a contract is made when one person makes an offer to another person containing a promise for a consideration to do an act, followed by an unqualified and unequivocal acceptance by the person to whom it is made. *Shaw Wholesale Co.v. Hackbarth*, 102 Or. 80, 94, 201 P. 1066, 1067 (1921); *see also* Restatement (Second) of Contracts § 1 (1981) ("A contract is a promise or a set of promises for the breach of which the law gives a remedy, or the performance of which the law in some way recognizes as a duty."). The promisor and promisee are the parties to the contract. Restatement (Second) of Contracts § 2, cmt. g. ("promisor and promisee are the 'parties' to a promise"). While a contract may have multiple promisors and promisees, the trustee in a Deed of Trust is not a promisor or promisee to that agreement. *See*

DEFENDANT DAVID A. WEIBEL'S
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 9
5349041

> *Rinehart v. Onewest Bank, FSB*, No. CV–10–6331–AA, 2011 WL
> 1311839, at *2 (D.Or. Apr. 1, 2011) (rejecting argument that trustee
> was a party to the Deed of Trust by virtue of its assignment as
> successor trustee; "the fact that Regional is the successor trustee under
> the Deed of Trust does not state a claim for breach of contract.").

*Lettenmaier v. Fed. Home Loan Mortg. Corp.*, CV-11-156-HZ, 2011 WL 1938166

(D. Or. 2011)

As decided in *Rapacki v. Chase Home Fin. LLC*, --- F. Supp. 2d --- , CV-11-

185-HZ, 2011 WL 2490658 (D. Or. 2011), this Court held that a trustee on a deed of

trust only has certain specific duties and does not have fiduciary obligations to the

grantor or other persons having an interest in the property subject to the trust deed.

> Additionally, by statute, the only duties imposed upon the trustee of a
> deed of trust are (1) upon default to undertake the steps necessary to
> foreclose the deed of trust, O.R.S. 86.740–86.755; or (2) upon
> satisfaction of the secured debt to reconvey the deed of trust, O.R.S. §
> 86.720(1). While Oregon courts have formerly held that a trustee under
> a deed of trust acts in a fiduciary capacity, see Wright, 59 Or.App. at
> 695, 651 P.2d at 1373 (trustee owed duty of good faith and due
> diligence to trust deed grantor), subsequent revisions to the underlying
> statute have abrogated this holding as it pertains to trust deed grantors.
> O.R.S. § 86.790(7) ("The trustee or successor trustee shall have no
> fiduciary duty or fiduciary obligation to the grantor or other persons
> having an interest in the property subject to the trust deed").

*Rapacki*, 2011 WL 2490658 at *7.

The breach of contract claim alleged by Summers against Mr. Weibel fails as a

matter of law and should be dismissed.

> **D.    Plaintiffs' "intentional misrepresentation" claim should be
> dismissed based on failure to meet the pleading standard set forth
> in *Twombly* and *Iqbal*.**

Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with

particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). To

satisfy Rule 9(b), a pleading must identify "the who, what, when, where, and how of

the misconduct charged," as well as what is false or misleading about the purportedly fraudulent statement, and why it is false. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054-55 (9th Cir. 2011). *Iqbal's* plausibility requirement applies to claims subject to Rule 9(b). *Id.* Complaints alleging fraud must comply with both Federal Rules of Civil Procedure 8(a) and 9(b). *Id.* Because Rule 8(a) requires the pleading of a plausible claim, claims of fraud or mistake must, in addition to pleading with particularity, also plead plausible allegations. *Id.*

> In order to recover for fraud and/or intentional misrepresentation, [plaintiff] must establish: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the listener in the manner reasonably contemplated; (6) the listener's ignorance of the representation's falsity; (7) the listener's reliance on the truth of the representation; (8) the listener's right to rely thereon; and (9) the listener's consequent and proximate injury.

*Maier v. Pac. Heritage Homes, Inc.*, 72 F. Supp. 2d 1184, 1196 (D. Or. 1999) (citing *Webb v. Clark*, 274 Or. 387, 391, 546 P.2d 1078, 1080 (1976) (elements for a fraud claim); *Johnsen v. Mel-Ken Motors, Inc.*, 134 Or.App. 81, 89, 894 P.2d 540, 545 (1995) (same elements for a claim of intentional misrepresentation).

In Oregon, fraud and intentional misrepresentation must be proved with "clear and convincing" evidence. *Cook v. Michael*, 214 Or. 513, 525, 330 P.2d 1026, 1032 (1958). *See also Mut. of Enumclaw Ins. Co. v. McBride*, 295 Or. 398, 403, 667 P.2d 494, 497 (1983) ("while the preponderance standard is the rule in most civil cases, an exception to the standard is applied in civil cases of common law fraud"). "[P]roof by 'clear and convincing evidence' means that the truth of the facts asserted is **highly probable**." *Cook*, 214 Or. at 527 (emphasis added).

One of the elements needed to prove intentional misrepresentation is evidence of the speaker's knowledge of the representation's falsity at the time he made it. *Maier*, 72 F. Supp. 2d at 1197 (citing *Webb*, 274 Or. at 391, 546 P.2d at 1080). Summers alleges not only that that Mr. Weibel was aware of certain alleged errors in the NOD and NOS, but that he purposefully made erroneous statements in the documents in an egregious and collusive attempt to purposely and wrongfully deprive Plaintiffs of the Property. (Dkt, No. 1 at ¶ 63-64, 74-77).

Summers does not provide any grounds for these allegations other than mere existence of the alleged errors, and this does not make the alleged fraud "highly probable". It is one thing to allege that a person has erred in their handling of a matter. It is another to impugn their very integrity and fitness to practice. A plaintiff should have in hand existing, convincing evidence in regard to the accused individual before implying that the professional has committed an act of fraud. Although some other persons may have committed fraud in the past, fraud is not something that should even be implied lightly when no evidence exists that it is so in a specific case. Making a claim of fraud without evidence is likely a violation of Rule 11.

The need at the pleading stage for allegations plausibly suggesting (not merely consistent with) an element of the claim reflects the threshold requirement of Rule 8(a)(2) that the "plain statement" possess enough heft to "show[] that the pleader is entitled to relief." *Twombly*, 550 U.S. at 556. A statement of parallel conduct, even conduct consciously undertaken, needs some setting suggesting the element necessary to make out a claim. *Id.* at 557.

Here, at most, the alleged conduct suggests: (1) while the final assignment to United Reserve was recorded prior to Mr. Weibel becoming trustee, the prior trustee,

Mr. Kubat,[1] had not immediately recorded all assignments of the DOT when the foreclosure was commenced, although the assignments themselves were valid, and (2) the NOD and NOS provide what is likely a scrivener's error regarding the date of the recording of the assignment to United Reserve, LLC.

It is not only implausible, but unprofessional, to jump from these circumstances to an allegation that Mr. Weibel purposefully made erroneous statements in the NOD and NOS in an egregious and collusive attempt to purposely and wrongfully deprive Plaintiffs of the Property. (Dkt, No. 1 at ¶ 63-64, 74-77). Even at the Rule 12(b)(6) stage, Plaintiffs fail to make allegations necessary to suggest that it is highly probable that Mr. Weibel, a well-respected professional and shareholder in a well-respected firm, purposefully lied in an egregious and collusive attempt to wrongfully deprive Plaintiffs of the Property. Plaintiffs' claim for intentional misrepresentation should be dismissed.

> **E.    The apparent claim of "intentional infliction of emotional distress" should be dismissed where Plaintiffs have not stated a claim under the applicable law..**

Summers also appears to allege a claim for intentional infliction of emotional distress within their third cause of action, where they allege:

> Defendants' collusive acts were intentional, egregious, and exceeded boundaries of lawful conduct and socially tolerable behavior. As a direct result. Defendants' actions rose to a legal that would and did cause substantial emotional shock and harm to the Plaintiffs.

> At all times material hereto. Defendants' actions have caused Plaintiffs severe emotional trauma and shock resulting in non-economic damages of $ 125.000.00 each.

Complaint (Dkt. No. 1) at ¶¶ 78-79.

---

[1] Mr. Kubat was the trustee when the initial assignments were made. *See* Complaint (Dkt. No. 1) at ¶ 9, Ex. 5.

A claim for intentional infliction of emotional distress requires pleading and proof that: (1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the Plaintiffs'severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. *Williams v. Tri-County Metro. Transp. Dist. of Oregon*, 153 Or. App. 686, 689, 958 P.2d 202, 203 (1998). The third element is the focus of this motion.

The liability for intentional infliction of extreme emotional distress does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Williams*, 153 Or. App. at 689 (quoting Restatement (Second) of Torts, § 46 at 73 (1965)). "Because proof of intent is often indirect and evidence of psychic harm is usually self-serving, proof of this tort largely turns on the second element, whether a defendant's conduct is sufficiently outrageous." *House v. Hicks*, 218 Or. App. 348, 358, 179 P.3d 730, 736 (2008). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. (quoting Restatement at § 46 comment d).

As discussed above, under Oregon law it is presumed that the assignments were legitimate and occurred on the date written on them, unless Plaintiffs can overcome this presumption. In addition, the court need not accept as true allegations in the complaint that contradict the documents attached to the complaint. *Toohey*, 673 F. Supp. 2d at 1226 (citing *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir.2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.2001)). Here, the documents support the fact that an unbroken chain of assignments stretch from Wells Fargo to United Reserve. Complaint (Dkt. No 1), Ex.

1 [DOT]; Ex. 7 [Assignment # 1, dated 05/04/2010]; Ex. 8 [Assignment # 2, dated 5/13/2010]; Ex. 6 [Assignment # 3, dated 5/13/2010].  Therefore, the Court need not accept the legal conclusion that United Reserve does not have legitimate rights.

  *Twombly* and *Ibiqual* require that a complaint states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 129 S.Ct. at 1950; *Twombly*, 550 U.S. at 544. The Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *In Re Washington Trust Deed Service Corp.*, 224 B.R. 109, 112 (9th Cir. BAP 1998). While reserving the right to address these issues later, and not conceding liability, under the allegations in the Complaint, the most that can be plausibly presumed in regard to the Plaintiffs' claims against Mr. Weibel is that: (1) while the final assignment to United Reserve was recorded prior to Mr. Weibel becoming trustee, the prior trustee, Mr. Kubat, had not immediately recorded all assignments of the DOT when the foreclosure was commenced, although the assignments themselves were valid, and (2) the NOD and NOS provide what is likely a scrivener's error regarding the date of the recording of the assignment to United Reserve, LLC.

  While potentially supporting grounds to rescind the non-judicial foreclosure, and the non-judicial foreclosure has since been rescinded, there is no plausible ground for alleging that Mr. Weibel went beyond all possible bounds of decency, and that his actions should be regarded as atrocious, and utterly intolerable in a civilized community.  Any claim for intention infliction for emotional distress, to the extent that it has been alleged by Plaintiffs, should therefore be dismissed.

**F.    Plaintiffs' action to "Quiet Title" can be resolved by documents attached to the Complaint, which reflect an unbroken series of assignments from Wells Fargo to United Reserve, LLC, and where Plaintiffs do not allege that they paid their obligation on the DOT.**

The fifth cause of action (called sixth cause of action) alleged by Summers is a request for Declaratory Judgment and to Quiet Title. (Dkt. No. 1 at ¶¶ 97-110). Plaintiffs seek to declare that "Defendants have no legal or equitable rights in the Note or the Deed of Trust for purposes of conducting a foreclosure." *Id*. at ¶ 98.

Summers has attached to the Complaint the DOT and several recorded assignments. *See* Complaint (Dkt. No 1), Ex. 1 [DOT]; Ex. 7 [Assignment # 1, dated 05/04/2010]; Ex. 8 [Assignment # 2, dated 5/13/2010]; Ex. 6 [Assignment # 3, dated 5/13/2010]. Plaintiffs do not allege that they paid their obligation under the DOT.

Oregon law presumes the dates of assignments are accurate, the regular course of business was followed in executing the assignments, and interest in the Property was conveyed by the assignments, even if the assignments were not immediately recorded. ORS 40.135(m), (o), (p), and (z). Plaintiffs have the burden of establishing the nonexistence of the presumed fact. ORS 40.120.

In fact, under Oregon law, any plaintiff seeking declaratory judgment has the burden of proof throughout the case. *Aetna Cas. & Sur. Co. v. Martin Bros. Container & Timber Products Corp.*, 256 F. Supp. 145, 149 (D. Or. 1966) (citing *First Nat. Bank v. Malady*, 242 Or. 353, 357-58, 408 P.2d 724, 726 (1965); Moore's Federal Practice, Vol. 6, p. 3157; Anderson, Declaratory Judgments (2d Ed., 1951), Vol 2, page 872). Under *Twombly* and *Iqbal*, Plaintiffs claims must be "plausible" even in responding to a Rule 12(b)(6) motion. Plaintiffs have not alleged any plausible reason why the assignments are not valid.

The recorded assignments attached to the Complaint show an unbroken chain from Wells Fargo to United Reserve, and Plaintiffs do not allege that they paid their obligation under the DOT, so the Court should Quiet Title in favor of United Reserve.

> **G.    Plaintiffs' request for an "Injunction" should be dismissed for a number of reasons.**

Within the six (fifth) alleged cause of action, Summers seeks a permanent injunction against any foreclosure of the property in the future on the grounds that "Plaintiffs own the Property" and that Defendants lack evidence that they "own the full and unencumbered interest in either the Note or Deed of Trust, and thus are not entitled to sell or transfer title to the Property." Complaint (Dkt. No. 1) at ¶ 89.  Yet, Summers does not allege that they paid their obligation on the Note or DOT, and attached to their Complaint are all the recorded assignments that reflect an unbroken chain of assignments of the DOT from Wells Fargo to United Reserve. Complaint (Dkt. No 1), Ex. 1 [DOT]; Ex. 7 [Assignment # 1, dated 05/04/2010]; Ex. 8 [Assignment # 2, dated 5/13/2010]; Ex. 6 [Assignment # 3, dated 5/13/2010].

If this Court quiets title to the Property in a way adverse to Summers, then any injunction would conflict with the rightful ownership of the Property.  Conversely, there is no need for an injunction if the Court quiets title in favor of Summers.

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641 (2006).

DEFENDANT DAVID A. WEIBEL'S
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 17
5349041

Here, Summers has not suffered irreparable injury and alternate remedies at law are adequate. There is currently no pending non-judicial foreclosure taking place, and none can take place as long as Plaintiffs are maintaining their quiet title action. In addition, Summers cannot show that remedies available to them at law under the remainder of their complaint, such as monetary damages and an action to quiet title, are inadequate to compensate for their alleged injury. In addition, the hardship to Defendants would be much greater than that to Summers, because a permanent injunction would, in essence, give Summers title to property that they have not paid for and deprive a creditor from recovering its property based on what will be shown to be, at most, a minor inadvertent error.

Also, when coming to the Court in a matter of equity, a party must come to the Court with clean hands. *N. Pac. Lumber Co. v. Oliver*, 286 Or. 639, 650, 596 P.2d 931, 938 (1979). The maxim is applied for the protection of the Court. *Id*. The plaintiff may have a perfectly valid claim, but he will nevertheless be denied relief where the doctrine applies. *Id*. Here, Plaintiffs borrowed money and did not pay it back. While Plaintiffs failure to pay their debts does not preclude them from bringing their actions at law, their own "unclean hands" should prevent them from obtaining a permanent injunction on bringing any future action to foreclose on the Property.

## IV. CONCLUSION

Mr. Weibel moves to dismiss with prejudice all causes of action alleged against him by Summers for the following reasons.

1.      Plaintiffs'claim for "defective trustee sale" should be dismissed where they have not met the statutory criteria in ORS 86.742.

2.      Plaintiffs' claim for "breach of contract" should be dismissed as to Mr. Weibel because, under Oregon law, a successor trustee is not a party to contract.

3.      Plaintiffs' "intentional misrepresentation" claim should be dismissed based on failure to meet the pleading standard set forth in *Twombly* and *Iqbal*.

4.      The apparent claim of "intentional infliction of emotional distress" should be dismissed where Plaintiffs have not stated a claim under the applicable law.

5.      Plaintiffs' action to "Quiet Title" can be resolved by documents attached to the Complaint, which reflect an unbroken series of assignments from Wells Fargo to United Reserve, LLC, and where Plaintiffs do not allege that they paid their obligation on the Deed of Trust ("DOT").

6.      Plaintiffs' claim for an "Injunction" should be dismissed as moot, unnecessary, and where granting a permanent injunction could conflict with the outcome of the quiet title action.

Respectfully submitted this August 3, 2011.

LEE SMART, P.S., INC.


By: s/ Marc Rosenberg_____
        Marc Rosenberg
        Attorneys for Defendant
        David A. Weibel

DEFENDANT DAVID A. WEIBEL'S
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 19
5349041

## DECLARATION OF SERVICE

I hereby certify that on the date provided below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following individuals:

John P. Bowles
Bowles Fernandez LLC
5200 SW Meadows Road, Suite 150
Lake Oswego, OR 97035
Main (503) 726-5930

I declare under penalty of perjury under the laws of the State of Oregon that the foregoing is true and correct to the best of my knowledge.

DATED August 3, 2011, at Seattle, Washington.

LEE SMART, P.S., INC.

By: s/ Marc Rosenberg
Marc Rosenberg
Attorneys for Defendant
David A. Weibel

DEFENDANT DAVID A. WEIBEL'S
MEMORANDUM IN SUPPORT OF MOTION TO
DISMISS PURSUANT TO RULE 12(B)(6) - 20
5349041